IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NAKISHA JACKSON,                                )
                                                )
                    Plaintiff,                  )
                                                )
        v.                                      )      C.A. No. 22-364 (MN)
                                                )
META PLATFORMS, INC.,                           )
                                                )
                    Defendant.                  )

## MEMORANDUM OPINION

NaKisha Jackson, Arlington, TX – Pro Se Plaintiff.

David Ellis Moore, POTTER ANDERSON & CORROON, LLP, Wilmington, DE – Attorney for
Defendant.

March 16, 2023
Wilmington, Delaware

*Maryellen Noreika*

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff NaKisha Jackson, proceeding *pro se*, filed this diversity action against Defendant Meta Platforms, Inc. ("Meta"), asserting state-law claims. (D.I. 1). Jackson moves for entry of default and for default judgment. (D.I. 6, 7). Meta moves for dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.I. 9). Jackson filed a motion to strike Meta's motion to dismiss. (D.I. 12).

## I.      BACKGROUND

On March 21, 2022, Jackson filed her Complaint, alleging that beginning in June 2020, Meta, which operates the online platforms Facebook, Instagram, and WhatsApp, shared her personal information with unauthorized third parties and has continued to do so despite her communications with its legal department requesting that the information sharing stop. She also alleges that she notified Meta's legal department that she was being stalked by several people using Meta's platforms, and further notified the department as to who from "the authorities" could legally contact Meta about Jackson's case. Meta then removed some of the information from Jackson's private messaging without her permission, and has failed to return it to the messages, despite her requests. Stalkers have continued to contact her via Facebook, Instagram, Messenger, and WhatsApp.

Jackson brings claims for "emotional distress," endangerment, negligence, and breach of contract. She seeks $10 million in damages.

On April 13, 2022, Jackson filed both a motion for entry of default and a motion for default judgment. (D.I. 6, 7).[1] The next day, Meta filed a motion to dismiss (D.I. 9, 10), seeking dismissal

---

[1]     These motions will be denied. Jackson served Meta by mail with the Complaint on March 22, 2022. (D.I. 8 at 2). Meta had 24 days, until April 15, 2022, to file a responsive pleading. *See* Fed. R. Civ. P. 12(a), (b); Fed. R. Civ. P. (6)(d) (three days are added to the

for failure to state a claim and based on forum selection clauses in the terms of service and terms of use in effect in June 2020 for Facebook, Instagram, and WhatsApp, all of which specified that claims would be resolved exclusively in the United States District Court for the Northern District of California or a California state court in San Mateo County.  (*See* D.I. 11; D.I. 11-1 at 6, 15, 24-25).  Jackson filed a motion to strike Meta's motion to dismiss, arguing that the motion is "fraudulent and relies upon error of the court," (D.I. 12 at 2), and generally argues that default judgment should be granted against Meta.  Jackson also includes an email she sent to defense counsel in which she asserted, "I can serve you in Delaware because I am not serving the subsidiaries of Meta, individually," and that the respective agreements were not revised after October 2021 when Facebook's name was changed to Meta.  (*Id.* at 3-4).  Jackson additionally stated:

> If you wanted to move it you should have motioned for a transfer.  I filed where I filed it, so I clearly don't agree.  If you want to transfer than say that otherwise I will understand that you just asked for a dismissal instead because you thought you bought a clerk.

(*Id.*).  Meta did not file a response to the motion to strike or a reply brief, to the extent the motion to strike is construed as a response in opposition to the motion to dismiss.

## II.   LEGAL STANDARDS

Because Jackson proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the Court separates

---

time to respond when service is by mail).  Meta timely filed its motion to dismiss on April 14, 2022.

the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11.   Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210.   A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).   A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

III.    **DISCUSSION**

The Court will address each of Jackson's claims in turn.[2]  Under Delaware law, a claim for negligence must plead: duty, breach, causation, and damages.  *Hudson v. Old Guard Ins. Co.*, 3 A.3d 246, 250 (Del. 2010).  As noted, to survive a Rule 12(b)(6) motion, the Complaint "must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a negligence claim.  *See Wilkerson*, 522 F.3d at 321.  Jackson has failed to allege facts demonstrating a duty owed to her by Meta, a breach of that duty, or causation.  Therefore, the negligence claim will be dismissed.

As to the breach-of-contract claim, the Facebook and WhatsApp terms of service and the Instagram terms of use all indicate that they are governed by California law.  (D.I. 11-1 at 6, 15, 25).  The elements of a breach-of-contract claim under California law are: (1) the existence of a contract, (2) the plaintiff's performance or excuse of nonperformance, (3) defendant's breach, and (4) resulting damages to the plaintiff.  *Oasis West Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011).[3]  Jackson has alleged the existence of a contract by asserting that "[t]hey are in breach of contract with their user agreement with me as an account holder," (D.I. 1 at 6), but she has failed to plead facts as to any of the other necessary elements.  Most notably, Jackson did not allege how

---

[2]     The Court does not herein address Meta's argument for dismissal based on the forum selection clauses because this argument was insufficiently supported.  Specifically, Meta did not address the clauses' enforceability, or lack thereof, by Meta as a non-signatory to the respective terms of service, or address what body of law governs the answer to that question.

[3]     In Meta's motion to dismiss, it argues that the breach-of-contract claim fails to state a claim under Delaware law, which is a similar standard.  *See VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003) (requiring a plaintiff to prove: (1) existence of a contract, (2) that the defendant breached an obligation imposed by the contract and (3) that plaintiff suffered damages from the breach).

any provisions of the terms of service or use of service agreements were allegedly breached. Accordingly, the breach-of-contract claim is also subject to dismissal.

Turning to the "emotional distress" claim, "[u]nder Delaware law, a claim for negligent infliction of emotional distress requires: (1) negligent conduct that proximately causes emotional distress; and (2) the emotional distress is accompanied by non-transitory, recurring physical phenomena." *Grubbs v. Univ. of Del. Police Dep't*, 174 F. Supp. 3d 839, 862 (D. Del. 2016*)*; *see also Greene v. United States Postal Serv.*, 462 F. Supp. 2d 578, 580 (D. Del. 2006) (noting that to establish a claim for negligent infliction of emotional distress, the plaintiff "must show that the distress was sufficient to cause physical injury") (quotation omitted).  Jackson does not allege a physical injury and, therefore, the emotional distress claim fails.

Finally, regarding Jackson's claim for endangerment, the Court has previously concluded after "[a] thorough search of Delaware law," that endangerment is a "criminal charge and cannot be asserted in a civil action for damages." *Chambers v. Doe*, 453 F. Supp. 2d 858, 866, 873 (D. Del. 2006).  Accordingly, the endangerment claim must be dismissed as well.

## IV.    CONCLUSION

For the above reasons, the Court will deny Jackson's motions for default and default judgment, grant Meta's motion to dismiss, and deny Jackson's motion to strike.

An appropriate Order will be entered.